Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Facsimile:  619-241-8309

Attorney for Plaintiff
JONATHAN SAPAN

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SAPAN,<br><br>             Plaintiff,<br>    vs.<br><br>SOLARMAX TECHNOLOGY, INC., a California Corporation; and DAVID HSU, an individual,<br><br>             Defendants. | Case No.: 15-cv-648 W (RBB)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer**<br>**Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

COMES NOW Plaintiff JONATHANSAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

# JURISDICTIONAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was, a resident of the County of San Diego, State of California

2. SolarMax Technology, Inc. is, and at all times herein was, a California corporation, doing business in the County of San Diego, State of California.

3. Defendant David Hsu is, and at all times herein mentioned was, an individual doing business in the County of San Diego, State of California.

4. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

/ / /

# FACTUAL SUMMARY

6. JONATHAN SAPAN received ten (10) live calls to his home phone number (858–324-9001) from Defendants wherein the tried to pitch solar energy services to him. The dates, times, and Caller ID ("CID") numbers are listed below:

- August 5, 2014 at 11:45am, CID 951-300-0751
- August 6, 2014 at 1:32pm, CID 951-300-0751
- August 11, 2014 at 9:32am, CID 951-300-0788
- August 12, 2014at 2:32pm, CID 951-300-0788
- August 13, 2014 at 4:45pm, CID 951-300-0788
- August 13, 2014 at 6:24pm, CID 951-300-0788
- August 14, 2014 at 1:24pm, CID 951-300-0788
- August 14, 2014 at 4:29pm, CID 951-300-0788
- August 15, 2014 at 2:04pm, CID 951-300-0788
- August 15, 2014 at 5:05pm, CID 951-300-0788

7. Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from August 17, 2013 to the present.

8. During the first call on August 5, 2014 at 11:45 am, Defendants called Mr. Sapan's home phone number using CID number 951-300-0751, leaving Mr. Sapan a voice message.

9. The caller, addressing herself as "Rose" falsely stated that she was "calling in regards to [Mr. Sapan's] interest" in SolarMax's services.

10. Mr. Sapan never expressed any interest in any solar services nor gave the express written permission necessary to make solicitation calls to him.

11. In the voicemail, "Rose" further informed Mr. Sapan that she would be in the office till 4pm, and gave her callback phone number as 951-300-0751.

12. Mr. Sapan never called back, because he had no interest in hearing more about Solarmax, and their services.

13. Mr. Sapan utilizes a service that transcribes voice messages from his telephone into written text.

14. A screen capture photos taken of Mr. Sapan's computer screen on November 11, 2014 which show the text of the voicemail from Defendants as well as a log of all calls made by Defendants to Mr. Sapan is attached hereto as Exhibit 1 and incorporated herein as if set forth verbatim.

15. Also, the Better Business Bureau webpage lists the CID number used in the first two calls (951-300-0751) as the main phone number for Solar Max Technology, Inc.

16. On August 6, 2014 at 1:32 pm, Defendants called Mr. Sapan's number using a new CID number, 951-300-0751.

17. Mr. Sapan did not answer this call.

18. Mr. Sapan alleges on information and belief this call using the same CID number was made by Defendants to attempt to sell their solar services.

19. Starting August 11, 2014 at 9:32 am, and ending August 15, 2014 at 5:05 pm, Defendants called Mr. Sapan's home line an additional eight (8) times

from a second CID number, 951-300-0788.

20. Mr. Sapan did not answer these eight (8) calls.

21. Defendants have used this new CID number in correspondence.

22. On August 15, 2014, Mr. Sapan wrote a settlement letter to SolarMax Technology, Inc.

23. The intent of Mr. Sapan's letter was to come to an amicable agreement with SolarMax Technology, Inc., regarding illegal calls made to his telephone number.

24. On September 5, 2014 Craig Swart, an employee of Solarmax Technology, Inc, sent a response letter to Mr. Sapan.

25. The contents of that letter are, of course, protected by F.R.E. § 408.

26. At the end of Mr. Swart's letter, however, his contact information lists his telephone number as 951-300-0788.

27. This is the same CID number used by Defendants in the eight (8) missed calls.

28. Mr. Sapan alleges on information and belief all calls using CID number, 951-300-0788 were made by Defendants to attempt to sell their solar services.

29. A redacted version of the September 5, 2014 letter from Craig Swart showing only the signature block is attached hereto as Exhibit 2 and incorporated

herein as if set forth verbatim.

30. The Bloomberg Business Page lists Defendant David Hsu as Chief Executive Officer of Solar Max Technology, Inc.

31. Plaintiff alleges on information and belief that Defendant David Hsu is the sole officer, director, and manager of Defendant Solar Max Technology, Inc.

32. Plaintiff alleges on information and belief that Defendant David Hsu made the violative calls, ordered them made, knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his company was making the calls described above.

## FIRST CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991 –
For Ten (10) "Do-Not-Call" List Violations]

33. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

34. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 ("TCPA"), codified as 47 U.S.C. §227 and 47 C.F.R. §64.1200.

35. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her

telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

36. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

37. Defendants have called Plaintiff's residential telephone line for solicitation purposesduring the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line. These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff. 37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

38. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

///

- 7 -
Complaint

## SECOND CAUSE OF ACTION
[Trespass to Chattel – For all ten (10) calls]

39. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

40. The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

41. At no time did Plaintiff consent to this trespass.

42. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 20% of his monthly phone bills in August of 2014 since Defendants calls constituted 20% or more of the total calls to his phone at the height of their junk calling campaign.

43. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## THIRD CAUSE OF ACTION
[Engaging in Unfair Business Practices – All ten (10) calls]

44. Plaintiff re alleges all paragraphs above and incorporates them herein by reference.

45. These telephone calls violate federal statutes and are thus unlawful business practices under section 17200 of the Business and Professions Code.

46. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 20% of his monthly phone bills in August of 2014 since Defendants calls constituted 20% or more of the total calls to his phone in the two months at the height of their junk calling campaign.

47. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

48. For an award of $500.00 for each violation of 47 U.S.C. §227;

49. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

50. For compensatory damages according to proof;

51. For punitive damages;

On the THIRD CAUSE OF ACTION:

52. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

/ / /

/ / /

On ALL CAUSES OF ACTION:

53. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

54. For costs of suit herein incurred; and

55. For such further relief as the Court deems proper.

DATED: March 27, 2015                              **PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
JONATHAN SAPAN
